IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| DR. MELANIE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00119-BSM |
| ) | |
| WELLPATH LLC, ) | |
| ) | |
| Defendant. ) | |

**AGREED PROTECTIVE ORDER AGAINST UNAUTHORIZED
USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION**

In order to protect the confidentiality of information obtained by both Plaintiff, Dr. Melanie Jones, and Defendant, Wellpath, LLC, during the litigation of this matter, the parties hereby agree:

1. Any party may designate as Confidential Information (by stamping the relevant page or otherwise as set forth herein) any document or response to discovery which that party considers in good faith to contain information involving confidential business or security information or information invasive of legitimate privacy interests. Only documents or discovery responses that are stamped or designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" when produced by a party shall be entitled to be treated as Confidential Information pursuant to the terms of this Order. The foregoing notwithstanding, all documents and discovery responses shall be treated as Confidential Information, whether so designated, for a period of fourteen (14) days following their production by a party or non-party. If within fourteen (14) days of production of any documents or discovery responses not marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" the producing party determines that such documents or discovery responses are entitled to treatment as Confidential

Information, such person shall so notify all parties in writing, specifically identifying the produced documents or discovery responses that shall be deemed Confidential Information. If within fourteen (14) days of production of any documents or discovery responses not marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" the producing party has not notified all parties of a claim of confidential treatment with respect to such documents or discovery responses, such documents or discovery responses no longer shall be treated as Confidential Information.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as Confidential Information by so indicating in said response or on the record at the deposition. Any other party may object to such a proposal in writing or on the record. Upon such an objection, the procedures described in Paragraph 6 below shall be followed. After any designation made according to the procedure set forth in this Paragraph 1, the designated documents or information shall be treated according to the designation until the matter is resolved, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. Except with the prior written consent of the designating party or non-party, Confidential Information shall not be disclosed to any person other than:

    (a) Counsel for Plaintiff and counsel for Defendant;

    (b) Employees of such counsel;

    (c) The parties and any employee, officer, or representative of a party, to the extent deemed necessary by counsel, for the prosecution or defense of this litigation with the exception of documents or discovery responses designated as "CONFIDENTIAL ATTORNEY'S EYES ONLY;"

(d) Expert witnesses, consultants (including but not limited to participants in a focus group), or vendors providing litigation-related services who are employed or retained by a party in connection with the prosecution or defense of the Action, provided that counsel, in good faith, requires their assistance in connection with the Action, and further provided that any report created by such expert or consultant relying on or incorporating such information in whole or in part shall shield or otherwise make anonymous such information to prevent indirect disclosure of Confidential Information in the report(s);

(e) Any authors or addressees of the Confidential Information;

(f) The Court, court personnel, and court reporters; and

(g) Persons being deposed or testifying at trial in the Action and any other witnesses or potential witnesses, to the extent such disclosure is deemed necessary by counsel for the prosecution or defense of the Action, during the course of depositions or testimony in the Action and, to the extent necessary, in preparation for such depositions or testimony in the Action, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such material;

4. Any persons receiving Confidential Information shall not reveal to or discuss such information with any person who is not entitled to receive such information, except as set forth herein.

5. Discovery material containing Confidential Information may be filed with the Court in the following ways:

(a) Motions, Memorandum or other documents created by counsel for the parties, as well as expert reports or portions thereof, that rely on Confidential Information shall not be subject to any heightened protections at the time of filing if those documents

summarize, refer to or otherwise discuss any discovery materials in a manner that anonymizes or shields any Confidential Information.

(b)     All discovery and other material filed with the Court including, *inter alia*, transcripts of depositions, exhibits, briefs and memoranda, that constitute or contain Confidential Information may be filed with the Court or introduced into evidence if agreed to by the parties in writing or otherwise ordered by the Court. The parties anticipate meeting and conferring with respect to redacting any Confidential Information from any discovery or other material that will be filed with the Court such that the redacted version of the discovery or other material no longer contains Confidential Information prior to filing. If the parties are unable to reach an agreement regarding such redactions, and absent an existing Court order mandating disclosure, efforts will be made to, by appropriate request to the Court, to file the discovery or other material under seal. Nothing in this Order shall be understood to constitute leave to file any document under seal.

(c)     Unless agreed otherwise by the Parties in writing, any Party incorporating information deemed protected under this Order into a document to be filed in a court shall seek leave to file such protected material under seal and may not file such information before making such a request.

(d)     No party shall have the right to designate as Confidential Information any documents or discovery responses produced by an adverse party.  Any party may voluntarily disclose to others without restriction any information designated by that party as Confidential Information.

(e)     The restrictions and obligations of this Order shall not apply to any information that: (a) is public knowledge; (b) becomes public knowledge through no fault

of any party to this Order; or (c) comes into the possession of a party to this litigation other than through the disclosure of such information in this litigation.

6.	If a party contends that any material is not entitled to designation as Confidential Information, such party may at any time give written notice challenging such designation to the party or non-party who produced the material.  The party or non-party who produced the material shall have fourteen (14) days from the receipt of such written notice to respond unless the Court orders a shorter or longer time.  The non-producing party may at any time apply to the Court for an order removing the designation of the material.  In the event the non-producing party applies to the Court for such an order, the party or non-party designating material as Confidential Information has the burden of establishing that the document is entitled to protection.

7.	Notwithstanding any challenge to the designation of material as Confidential Information, all documents or discovery responses so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)	The party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

(b)	The Court rules the material is not entitled to protection as Confidential Information.

8.	All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Within five years after the conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings and hearing or deposition transcripts that have been filed before the Court, shall destroy such documents or discovery responses. If the Confidential Information includes an original document, instead of a copy, the

party destroying the document must give the party that produced the document at least fourteen (14) days' notice so that it may request return of the document. Nothing in this order shall be understood to prevent counsel from retaining one copy of any part of the complete case file in conformity with applicable rules of professional conduct.

10. Nothing herein shall be deemed to waive any applicable privilege or work product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. If a party inadvertently produces or otherwise discloses privileged material or work product, the receiving party must return the privileged production as soon as they receive notice of the inadvertent disclosure.

11. Any non-party from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the non-party's respective counsel or by oral advice at the time of any deposition or similar proceeding.

12. Production of any Confidential Information by a non-producing party in response to an apparently lawful subpoena, motion, or order of or in any court or other governmental agency in another action shall not be deemed a violation of any of the terms of this Order.  However, the party receiving such subpoena, motion, or order shall first promptly notify the producing party and, prior to production, if it can be done without placing the non-producing party in violation of the subpoena, motion, or order, shall give the producing party the opportunity to secure confidential treatment, whether by protective order or otherwise, for such materials upon terms comparable to those applicable to such materials under the terms of this Order and/or seek to block the production.

13. Documents and information designated "CONFIDENTIAL ATTORNEY'S AND EXPERTS' EYES ONLY" shall be subject to all of the provisions of this Protective Order that

apply to "CONFIDENTIAL" documents and information, except that "CONFIDENTIAL ATTORNEY'S AND EXPERTS' EYES ONLY" documents and information shall not be disclosed to any persons other than those serving as counsel of record for the parties (including paralegals, secretaries, and clerical support personnel directly employed by such counsel and whose assistance is required for trial preparation in this action) and those serving as consultants or experts for the parties, unless otherwise agreed in writing or ordered by the Court. Any experts or consultants will be bound by the terms of this Order.

      IT IS SO ORDERED this 10th day of June, 2022.

                                                            _____
                                                            UNITED STATES DISTRICT COURT JUDGE

SUBMITTED FOR ENTRY BY:


<u>s/Mark E. Stamelos</u>
Mark E. Stamelos (TN 021021)
Russell W. Jackson (TN 027322)
Attorneys for Defendant
FORDHARRISON LLP
1715 Aaron Brenner Drive, Suite 200
Memphis, Tennessee 38120
Telephone: (901) 291-1500
Facsimile: (901) 291-1501
rjackson@fordharrison.com
mstamelos@fordharrison.com

*Counsel for Defendant Wellpath*

<u>s/Loyd W. "Tre" Kitchens</u> *w/permission*
Lloyd W. "tre" Kitchens
The Brad Hendricks Law Firm
500 C. Pleasant Valley Drive
Little Rock, AR 72227
Telephone: 502-221-0444
Facsimile: 501-661-0196
Tkitchens@bradhendricks.com

*Counsel for Plaintiff Dr. Melanie Jones*